UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

vs.                                           CRIMINAL ACTION NO. 3:16CR-101-CRS

MARK REINHARD                                                         DEFENDANT

# MEMORANDUM OPINION

This matter is before the court on motion of defendant Mark Reinhard to sever Count 6 of the Second Superseding Indictment ("SSI") and for a separate trial from the other defendants and counts in this case. (DN 143).

The SSI is comprised of ten counts covering the period May 2004 to July 2015. Five defendants, Philip E. Michael, II, Meds 2 Go Express Pharmacy, Inc. ("Meds 2 Go Express"), Mark Reinhard, Euton Laing, and Joetta Kuhn, are charged in various counts. Reinhard is charged only in Count 6, with the unlicensed wholesale distribution of prescription drugs in violation of 21 U.S.C. § 331(t) and 353(e)(1)(a)(II).

Count 6 charges that from November 2012 to August 2014 Michael, Reinhard and Meds 2 Go Express engaged in the wholesale distribution of Tramadol from Meds 2 Go Express in West Virginia to Complete Patient Services, a wholesale fulfillment pharmacy located in Mobile,

Alabama. It is charged that the drugs traveled through Kentucky when distributed to Complete Patient Services.

The entities and individuals charged in this indictment are as follows:

(1) <u>Philip E. Michael, II</u>: The SSI charges that Michael, a pharmacist licensed in West Virginia, acted as a "fulfillment pharmacist" for RX Limited, an internet prescription pharmacy. The SSI charges that RX Limited employed U.S. pharmacies to fill its drug orders and ship the orders via FedEx, UPS, and USPS. The SSI charges that Michael was a pharmacist at Aracoma Pharmacy in Chapmanville, West Virginia, and owned and operated Alum Creek Pharmacy in Alum Creek, West Virginia. Michael is also alleged to have owned and operated a "fulfillment pharmacy," Meds 2 Go, Inc., until 2012 when it ceased doing business. The SSI charges that Michael owned and operated Meds 2 Go Express, also a named defendant in the SSI, through which Michael and Reinhard purportedly conducted an illegal wholesale drug distribution operation from May 2012 until August 2014.

(2) <u>Euton Laing</u>: The SSI charges that Laing, a physician licensed to practice medicine in New Jersey, acted as an "RX Limited Physician," issuing invalid prescriptions for RX Limited's internet customers.

(3) <u>Mark Reinhard</u>: The SSI charges that Reinhard was a pharmacist employed at Meds 2 Go Express and at times at Alum Creek Pharmacy who engaged in the unlicensed wholesale distribution of prescription drugs.

(4) <u>Meds 2 Go Express Pharmacy, Inc.</u>: Meds 2 Go Express is alleged to have been an internet pharmacy owned and operated by Michael through which the wholesale drug distribution scheme charged in Count 6 was accomplished.

2

(5) <u>Joetta Kuhn</u>: The SSI charges that Joetta Kuhn, an accountant for Philip Michael, Meds 2 Go, Inc., and Meds 2 Go Express Pharmacy, Inc., who was responsible for preparing their taxes, provided misleading information to criminal investigators in 2015.

The SSI charges:

Michael and Laing with conspiracy to unlawfully distribute and dispense controlled substances (Count 1);

Michael and Laing with conspiracy to violate the Federal Food, Drug, and Cosmetic Act by distributing misbranded drugs through the operation of Meds 2 Go, Inc. (Count 2);

Michael and Laing with conspiracy to distribute misbranded drugs through Aracoma Pharmacy Count 3);

Michael and Laing with conspiracy to commit mail fraud (Count 4);

Michael and Laing with conspiracy to commit wire fraud (Count 5);

Michael, Reinhard and Meds 2 Go Express with the unlicensed wholesale distribution of prescription drugs (Count 6);

Michael with health care fraud (Count 7);

Michael with aggravated identity theft (Count 8);

Michael, Laing and Meds 2 Go Express with conspiracy to commit money laundering (Count 9); and

Joetta Kuhn with obstruction of a criminal investigation (Count 10).

Reinhard urges that Count 6 is misjoined under Fed.R.Crim.P. 8(b), with the other counts charging other defendants with purportedly unrelated crimes. He also contends that severance of Count 6 is warranted under Fed.R.Crim.P. 14 because a trial of all defendants and counts would be prejudicial to him. We address these contentions in turn.

First, there is no mijoinder of offenses in this SSI under the Fed.R.Crim.P. 8(b) standard. The rule states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

As noted in *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997), "Rule 8(b) applies exclusively whenever multiple defendants are involved, even if a defendant is contesting only the joinder of counts against himself. *See* 1 Charles Alan Wright, Federal Practice and Procedure: Federal Rules of Criminal Procedure § 144 p. 494 (2d ed. 1982)." The question of proper joinder under Rule 8(b) is a matter of law. *Id.*, *citing United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982). "[A] group of acts or transactions constitutes a 'series' if they are logically interrelated." *Hatcher*, 680 F.2d at 441, *quoting United States v. Johnson*, 763 F.2d 773, 777 (6th Cir. 1985). Joinder serves the goals of trial economy and convenience, and allows the jury to hear the "total story." *Frost*, 125 F.3d at 390, *citing United States v. Moreno*, 933 F.2d 362, 369 (6th Cir. 1991); *United States v. Stillo*, 57 F.3d 553, 556-57 (7th Cir. 1995).

The SSI charges a series of logically interrelated events. The overarching theme of the SSI is the alleged involvement of various individuals in activities connected with the illegal dispensing and distribution of prescription drugs for RX Limited. The SSI charges the defendants in various phases of this ongoing course of conduct. Initially, Michael allegedly formed and operated Meds 2 Go, Inc. internet pharmacy with Laing which purportedly illegally dispensed and distributed prescription drugs for RX Limited between June 2009 and April 2012. After Meds 2 Go, Inc. ceased doing business, Michael allegedly formed Meds 2 Go Express in May 2012. In November 2012 Michael and Reinhard allegedly began the illegal wholesale

shipment of Tramadol through Meds 2 Go Express to Complete Patient Care, an online pharmacy in Alabama which was dispensing and distributing prescription drugs for RX Limited.

Thus the SSI alleges that in connection with the RX Limited operation, Michael and associates, including Laing, allegedly illegally dispensed and distributed prescription drugs for RX Limited, and later Michael and associates, including Reinhard, allegedly illegally provided the prescription drugs which enabled another online pharmacy to illegally dispense and distribute those prescription drugs for RX Limited. Michael is the alleged mastermind of the operations. The charges are thus similar in character, involving the illegal dispensing and distribution of prescription drugs.[1] The charges indicate a series of interrelated events, where the illegal acts purportedly began with the filling of prescriptions, and later involved providing the drugs in bulk to another entity for the filling of the prescriptions. Clearly, the joinder of these counts permits a telling of the alleged "total story" of Michael and his associates' dealings with RX Limited. As charged in the SSI, these activities did not end when Meds 2 Go, Inc., ceased doing business, but rather continued on in a different form through the purported 2-year operation of Meds 2 Go Express.

Reinhard contends that Count 6 should be severed for trial under Fed.R.Civ.P. 14 because he would be prejudiced by a trial of the counts together. He contends that the jury might cumulate the evidence and impermissibly find Reinhard guilty of conspiracy, and may confuse the evidence over the various counts. He urges that since Michael is charged in almost every count, the jury might find Reinhard guilty because he worked for Michael, if they find Michael

---

[1] It is of no moment that counts 1 through 5 and 7 through 10 charge that the alleged conduct was illegal on a variety of grounds. That is, the SSI charges that the defendants violated numerous criminal statutes when they engaged in the acts charged. The fact that Reinhard is charged only with the unlicensed wholesale distribution of prescription drugs while many other crimes are charged in the SSI is not a ground for severance in and of itself. Rule 8(b) permits the joinder of defendants and offenses that, as here, are shown factually to be part of a series of interrelated events. Reinhard must show substantial, undue or compelling prejudice in order to justify severance of counts and defendants.

guilty of other conduct. "Prejudicial joinder is particularly unlikely 'where it would not have been difficult for the jury to compartmentalize and distinguish the evidence concerning the different offenses charged.'" *United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007)(quoting *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002)). We find prejudicial joinder unlikely here.

As noted by Reinhard, he is charged only with the conduct in Count 6 which is alleged to have occurred during the period November 2012 to August 2014. Only Counts 7, 8 and 9 overlap any period of time with the crime charged in Count 6.

Count 7 and 8 charge Michael alone with a specific act of health care fraud and aggravated identity theft alleged to have occurred on a specific date in 2013.

Count 9 charges Michael, Meds 2 Go Express, and Laing with conspiracy to commit money laundering during the period May 2004 to December 2012. The acts of money laundering can easily be differentiated by counsel from the charge against Reinhard of the unlicensed wholesale distribution of prescription drugs, and the time periods can be differentiated inasmuch as the one month overlap in time occurred at the end of the money laundering conspiracy period and the beginning of the 2-year period when Reinhard purportedly engaged in the unlicensed wholesale distribution of prescription drugs.

While the crime charged in Count 6 is part of an interrelated series of events, the alleged criminal act of distributing wholesale quantities of Tramadol to another pharmacy for distribution and dispensing is easily distinguishable from the unlawful distribution and dispensing of prescription drugs directly which Michael and Laing are charged with having conspired to do.

Reinhard is concerned with what he terms a 90-10 split of criminal activity, 90% of the

6

activity not involving Reinhard. He is concerned that the mere association with Michael will cause him prejudice, and the sheer volume of other criminal activity will cause the jury to infer that Reinhard must be guilty of the crime with which he is charged. These concerns can be adequately addressed by an instruction to the jury that they are to consider only the evidence against each defendant on each charge without regard to the other charges or defendants. Further, the minimal and clearly distinguishable role Reinhard is alleged to have played in this matter in contrast to other crimes charged may operate to Reinhard's advantage in defending against Count 6, and allow him to distance himself from other events and defendants.

As noted in *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992), we start from the premise that "[g]enerally, persons indicted together should be tried together." "A defendant is not entitled to severance because the proof is greater against a co-defendant." *United States v. Anderson*, 626 F.2d 1358, 1373 (8th Cir. 1980). Reinhard bears the burden of establishing "a strong showing of factually specific and compelling prejudice resulting from a joint trial." *Warner*, 971 F.2d at 1196. He has not made such a showing. We do not find grounds for severance of Count 6 from the other Counts or defendants, nor for a separate trial of Count 6.

The motion of the defendant, Mark Reinhard, for severance (DN 143) will be denied by separate order.

August 14, 2017

Charles R. Simpson III, Senior Judge
United States District Court

**IT IS SO ORDERED.**

7